Date signed September 02, 2005

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

|  |  |  |
|---|---|---|
| **In re:** | : | |
| **VOX II, LLC** | : | _____ |
|  | : | PAUL MANNES |
|  |  | U. S. BANKRUPTCY JUDGE |
| **Debtor.** |  | |
| | | |
| **In re:** | : | |
| **VOX III, LLC** | : | Case no. 05-20307 |
|  |  | Chapter 11 |
| **Debtor.** | : | |
|  | : | Jointly Administered Under |
|  |  | Case no. 05-20299 |

## Memorandum of Decision

On July 12, 2005, July 19, 2005, and August 16, 2005, this court heard the motion filed by Pulte Home Corporation for the Termination of the Exclusive Period Within Which the Debtor may file a Plan of Reorganization. At the conclusion of the hearing, the court announced its ruling on the record in open court. This Memorandum of Decision supplements the court's oral ruling.

The motion is filed pursuant to 11 U.S.C. § 1121(d) that provides:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

As noted in the case of *First American Bank of New York v. Southwest Gloves and Safety Equipment, Inc*. 64 B.R. 963, 965 (D. Del. 1986), "[t]he central purpose of section 1121(c) is to

allow the debtor an exclusive period of time in which to file a reorganization plan without pressure from creditors.  Section 1121 (d) provides the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its discretion." In Section 102 of the Section-by-Section Description of H. R. 5611, The Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, it is noted that "[e]xclusivity is intended to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." (H 10764).

     Here the period of exclusivity operates, not as a shield but as a sword.  Nothing in this debtor's action so far into this bankruptcy case resembles anything close to seeking to achieve consensus.  Shortly after the filing of this case under Chapter 11 on May 2, 2005, the debtor moved to reject its lot purchase agreement with Pulte, and filed its Plan of Reorganization on July 8, 2005, within the exclusive period allowed it.  The centerpiece of the Plan is the rejection of the Pulte agreement.  The Plan provides for the payment of all creditors in full.  Under 11 U.S.C. § 1126(f), all creditors, including Pulte, are conclusively presumed to have accepted the plan and solicitation of acceptances from them is not required.  This careful manipulation of the bankruptcy code results in the termination of Pulte's rights to develop the properties and possibly limit its recovery under the contract.  In summary, the debtor's plan was formulated and financed well before the filing of this case.  The party that was the source of the financing holds the junior secured position on the debtor's real estate.  There is no reason to maintain its period of exclusivity, particularly so when this works solely to the benefit of the debtor and to no other party.  Pulte should have the right to have its plan laid out side by side with that of the debtor in a fair contest on a level playing field.

     The situation is akin to that strategy attempted in the case of *In re Integrated Telecom*

*Express*, 384 F.3d 108 (CA3 2004), *cert. denied*, 125 S.Ct. 2542 (2005), where a solvent debtor that had ceased doing business sought to file a plan and use 11 U.S.C. § 502(b)(6) to cap a landlord's claim under a commercial lease.  <u>See also</u>, *Dunes Hotel Associates v. Hyatt Corp.*, 245 B.R. 492, 506 (D.S.C. 2000) (Finding that solvent chapter 11 debtor would not be allowed to avoid unrecorded lease, where the only beneficiaries were the debtor and its equity holder.  Such action was held to be in conflict with the fiduciary responsibilities as a debtor-in-possession.)  In *Integrated* and *Dunes Hotel*, as in this case, the debtor sought to use a protective provision of the bankruptcy code as an offensive weapon.

An order will be entered in accordance with the foregoing.

cc:
Debtors
Debtors' counsel
Janet M. Nesse, Esq.
United States Trustee
All creditors

**End of Memorandum of Decision**