Date signed March 04, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| VOX II, LLC | : | Case No. 05-20299PM |
| | : | Chapter 11 |
|         Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | Jointly Administered Under |
| IN RE: | : | Case No. 05-20299PM |
| | : | |
| VOX III, LLC | : | Case No. 05-20307PM |
| | : | Chapter 11 |
|         Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

     Before the court is the Motion filed by Pulte Home Corporation ("Pulte") for an examination pursuant to Rule 2004 of the Fed. R. Bankruptcy Proc. of Michael Silver, who is described as the sole managing member of the jointly administered Debtors.  It has been stated:

        The language of Rule 2004(b) allows, in a narrow context, the use of a
    rule 2004 examination post-confirmation.  However, the examination must be
    limited to issues that the court still has the power to entertain.  "That is, it is
    restricted to the administration of the case post-confirmation"  *In re Cinderella*
    *Clothing Industries, Inc.*, 93 B.R. 373 (Bankr. E.D. Pa. 1988).

*In re Express One International, Inc.*, 217 B.R. 215, 216-17 (BC E.D. Tex. 1998).

     Ordinarily, Rule 2004 examinations are granted as a matter of course, and objections are heard generally in the form of motions for protective orders.  The opposition to the Motion alleges that Pulte has no standing to request this examination and that there is no valid

justification for conducting a post-confirmation examination.  Finally, Debtors urge that the document request is overly broad.  The court will grant the Motion but urge the parties to confer with respect to the document request that the court agrees is overly broad.  The grounds for this decision are set out hereafter.

These bankruptcy cases under Chapter 11 were filed on May 2, 2005.  Throughout this case, Pulte was an active participant, moving shortly after filing for a termination of the exclusive period in which the Debtors may file a Plan of Reorganization.  Pulte was also the subject of a Motion to Reject to an Executory Lot Purchase Agreement, and took various other adverse actions, including voting against confirmation of Debtors' original Chapter 13 Plan.  Pulte subsequently filed its own Plan of Reorganization.  Finally, the parties entered into a Settlement Agreement that appears at Docket Entry 174-2.  It was approved by the court and became a part of Debtors' Second Amended Chapter 11 Plan that was confirmed by Order of court entered October 27, 2005.

Paragraph 3.6 of the confirmed Plan provides

> 3.6 <u>Class 6</u>.  Class 6 consists of the Allowed Secured Clam [sic] of Pulte that is secured by a third lien on the Debtors' real property assets.  The Class 6 Claim shall be paid in full on the Effective Date.  The foregoing treatment is intended to leave unaltered the legal, equitable, and contractual rights to which the Class 6 Allowed Claim entitles the holder of such claim.  Class 6 is not a class impaired under the Plan.

The Settlement Agreement between Pulte and the Debtors is described in Article 4 of the confirmed Plan.

Paragraph 9.2 of the confirmed Plan provides:

> 9.2 <u>Remedies Under the Settlement Agreement</u>.  Notwithstanding anything in the Plan or the law to the contrary, the Debtors and Pulte shall also possess the remedies contained in the Settlement Agreement, and the Court expressly retains jurisdiction (even after the closing of one or both of the Debtors' cases) to resolve any disputes arising under the Settlement Agreement.

The Motion for the examination speaks of misrepresentations in documents filed with the court with respect to the number of lots said to be transferred of 301 when it was more properly 269 lots that were suitable for development.  In the course of the argument on the Motion, counsel for Pulte acknowledged the provision in the Settlement Agreement, "[t]he parties

acknowledge that there is no guarantee that the PG property will yield 301 lots," but pointed out that Debtors failed to point out certain surface water conditions that materially affected the property in the benefit of their bargain.

At this stage of the proceedings, the court will not get into any further discussion of the merits of the underlying dispute. In any event, Pulte contemplates that any action against Debtors would be filed in the Circuit Court for Prince George's County, Maryland, inasmuch as that court has coordinate jurisdiction over the dispute under 28 U.S.C. § 1334(c)

Again, without passing on the merits of the dispute, Pulte could either file this action originally in the aforesaid Circuit Court and seek discovery or pursue the cource that it is taking under Rule 2004 to obtain information concerning this possible cause of action. Michael Silver is an appropriate designee under provisions of Bankruptcy Rule 9001(5) that expands the meaning of "debtor" when it is sought to compel attendance of a debtor for examination. Discovery under Rule 2004 is far broader than discovery under the Federal Rules of Civil Procedure and is often described as being in the nature of a fishing expedition. *See generally, In re Drexel Burnham Lambert, Inc.*, 123 B.R. 702, 711 (S.D.N.Y. 1991).

Pulte charges that the Debtors have failed to conform to the Settlement Agreement and to properly act pursuant to the confirmed Plan of Reorganization. There is ample authority for a Rule 2004 examination in such a situation, but any such examination must be related to the continued administration of the case post-confirmation and to the alleged failure to comply with the terms of the Settlement Agreement.

An appropriate order will be entered.

cc:
Janet M. Nesse, Esq., 1150 18th Street, N.W., Suite 800, Washington, DC 20036-3816
Patrick Potter, Esq., 2300 N Street, N.W., Washington, DC 20037
Alan M. Grochal, Esq., 100 E. Pratt Street, Baltimore, MD 21202
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770
Michael Silver, 306 Tunbridge Road, Baltimore, MD 21212
Michael Silver, 3500 Hess Road, Monkton, Md 21111

**End of Memorandum**